**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JEFFREY MITCHELL**,

      Petitioner,

v.                                      Civil Action No. **3:24CV720**

**CHADWICK DOTSON**,

      Respondent.

**MEMORANDUM OPINION**

Jeffrey Jemel Mitchell, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 2) challenging his conviction in the Henrico County Circuit Court ("Circuit Court"). Respondent moves to dismiss on the grounds that: (1) the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition; (2) Mitchell's claims of error regarding his state habeas proceedings are not cognizable in federal habeas proceedings; and (3) several of Mitchell's claims are procedurally defaulted. (ECF No. 17.) Mitchell has responded. (ECF No. 23.) For the reasons that follow, the § 2254 Petition will be DENIED as barred by the statute of limitations.[1]

## I. Procedural History

### A. Trial and Direct Appeal

On December 3, 2020, following a bench trial, the Circuit Court convicted Mitchell of aggravated malicious wounding and abduction. (ECF No. 17-1, at 1.) By Order entered on February 10, 2021, the Circuit Court sentenced Mitchell to an active term of twenty years of imprisonment. (*Id.* at 2.) On September 2, 2021, the Court of Appeals of Virginia denied

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

Mitchell's petition for appeal.  (ECF No. 17-3, at 1–8.)  Mitchell then pursued a further appeal to the Supreme Court of Virginia, which refused the appeal on July 7, 2022.  (ECF No. 17-5.)

### B.  State Habeas Proceedings

Following his unsuccessful direct appeal, on June 16, 2023, Mitchell filed a petition for writ of habeas corpus in the Circuit Court, raising at least 45 independent grounds for relief.  (*See* ECF No. 17-10, at 1; ECF No. 17-11.)  On November 16, 2023, the Circuit Court denied Mitchell's habeas petition, finding that each of his claims lacked merit.  (ECF No. 17-7, at 23.)  Mitchell appealed the Circuit Court's decision to the Supreme Court of Virginia, which on March 14, 2024, issued a Rule to Show Cause order ("RTSCO") alerting Mitchell that his appeal failed to contain a list of assignments of error and therefore violated Supreme Court of Virginia Rule 5:17(c)(1). (ECF No. 17-13.)  The RTSCO gave Mitchell until April 4, 2024 to "cure this defect by filing with the clerk . . . one copy of a document titled 'Assignment(s) of Error' setting forth each assignment of error from appellant's petition for appeal."  (*Id.*)  The order warned that Mitchell's failure to timely cure his appeal's defects could result in dismissal of the appeal.  (*Id.*)

On April 2, 2024, Mitchell attempted to mail a written assignment of errors in response to the Supreme Court of Virginia's RTSCO.  (*See* ECF No. 23-1, at 58, 60–70.)  On June 3, 2024, however, the document was returned as undeliverable, bearing a notation reading "INSUFFICIENT ADDRESS[.]"  (*Id.* at 58)  The envelope had been addressed to "Honorable Clerk – Muriel-Theresa Pitney – Supreme Court of Virginia" and did not list any street, city, or zip code.  (*Id.* at 58–59.)  After receiving his returned mail, Mitchell mailed a letter to the Supreme Court of Virginia, alleging that someone had altered the envelope and requesting that the court "forgive [his] original failure to provide the requested documents[.]"  (*Id.* at 60–61.)

On August 6, 2024, the Supreme Court of Virginia dismissed Mitchell's appeal for failure to comply with Rule 5:17(c)(1) and the RTSCO, as described above. (ECF No. 17-14.) Mitchell then filed a Petition for Rehearing (ECF No. 23-1, at 93–96), which the Supreme Court of Virginia denied as untimely on September 24, 2024. (*Id.* at 92.)

### C. Federal Habeas Proceedings

On June 30, 2023—nearly two weeks after he filed a habeas petition in the Circuit Court—Mitchell filed a habeas petition in this Court. *See Mitchell v. Clarke*, No. 3:23-cv-444, ECF No. 1, at 47 ("2023 § 2254 Petition"); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that submissions by *pro se* prisoners are deemed filed on the date delivered to prison authorities). On July 26, 2023, observing that the petition "fail[ed] to indicate that [Mitchell] ha[d] presented his claims to the Supreme Court of Virginia by direct appeal or in a state habeas proceeding[,]" the Court directed Mitchell to show cause why the petition should not be dismissed for failure to exhaust. *Mitchell*, No. 3:23-cv-444, ECF No. 2. Although Mitchell filed a response, the Court found his arguments unpersuasive and on September 1, 2023, dismissed the petition, finding that Mitchell had not shown good cause for his failure to exhaust state remedies. *Id.* at ECF No. 4. At the same time, the Court expressly denied Mitchell's request for a stay and abeyance. *Id.* Mitchell did not appeal this decision.

Roughly one year later, following the Supreme Court of Virginia's dismissal of Mitchell's habeas appeal, Mitchell filed in this Court what he styled as a "Motion to Extend Time to File Federal Habeas Petition[.]" ("Motion to Extend," ECF No. 1.) Days later, on October 18, 2024, Mitchell submitted the § 2254 Petition to officials at the Wallens Ridge State Prison ("WRSP") mailroom. (ECF No. 2-18, at 1.) In his § 2254 Petition, Mitchell contends that he is entitled to relief on the following five grounds:

Claim One    "Ineffective Assistance of Counsel" (ECF No. 2, at 5).

Claim Two    "Prosecutorial Misconduct" (*id.* at 7).

Claim Three    "Trial Court Bias / Error" (*id.* at 8).

Claim Four    "Government Failure to Preserve Exculpatory Evidence" (*id.* at 10).

Claim Five    "Insufficiency of Evidence" (ECF No. 2-6, at 1).

As explained below, Mitchell's claims are barred by the relevant statute of limitations and will therefore be DISMISSED.

## II.  Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

   **(A)**    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   **(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   **(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **2.** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Mitchell's conviction became final on Wednesday, October 5, 2022, ninety days after the Supreme Court of Virginia refused his appeal. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The one-year limitation period for filing his § 2254 Petition thus began to run on Thursday, October 6, 2022. The statute of limitations ran for 252 days—until June 15, 2023—before Mitchell filed his habeas petition in the Circuit Court on June 16, 2023. As explained below, although Mitchell qualifies for statutory tolling for the time during which his petition was pending in the Circuit Court, he is not entitled to the benefit of statutory tolling for (1) his improper appeal from the denial of that petition or (2) the 2023 § 2254 Petition or subsequent Motion for Extension. *See* 28 U.S.C. § 2244(d)(2).

### B. Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and

office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted).

Here, Mitchell properly filed a petition for writ of habeas corpus in the Circuit Court on June 16, 2023, thus tolling the limitation period. The limitation period restarted on November 17, 2023, the day after the Circuit Court denied Mitchell's habeas petition. *See Escalante v. Watson*, 488 F. App'x 694, 697–700 (4th Cir. July 18, 2012) (permitting statutory tolling only of the time a petition was under consideration by the trial court because the prisoner's petition for appeal was not properly filed in the Supreme Court of Virginia in accordance with Virginia Supreme Court Rule 5:17(c)). Because 252 days had already passed when the limitation period resumed, Mitchell had 113 days—or until Monday, March 11, 2024—to timely file his § 2254 Petition.

On January 8, 2024, Mitchell filed an appeal of the Circuit Court's decision, but that appeal failed to comply with the Supreme Court of Virginia's rules. Indeed, as demonstrated by the RTSCO, Mitchell's appeal did not comply with Supreme Court of Virginia Rule 5:17(c)(1). The appeal was therefore not properly filed, and as a result, Mitchell is not entitled to statutory tolling for either (1) the period between the Circuit Court's denial of the petition and the filing of the appeal nor (2) the period during which the appeal itself was pending. *See Escalante*, 488 F. App'x at 697–700.

Mitchell is also not entitled to statutory tolling for either of the 2023 § 2254 Petition or the Motion to Extend. *See Duncan v. Walker*, 533 U.S. 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)."); *Gregory v. Bassett*, No. 3:07cv790, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009) ("[A]bsent the filing of a petition, a motion for

extension of time is not a case or controversy under Article III, section 2 of the United States Constitution." (citations omitted)).

Ultimately, Mitchell did not file his § 2254 Petition until October 18, 2024, making the submission 221 days late.[2]

### C. Equitable Tolling

In support of a request for equitable tolling, Mitchell appears to argue that his failure to properly file an appeal with the Supreme Court of Virginia, and his resulting inability to qualify for statutory tolling as of November 17, 2023, was due to extraordinary circumstances out of his control. (*See* ECF Nos. 23-1 at 58, 60–70.) With the benefit of equitable tolling for this period, he argues, his § 2254 Petition would be timely. (*Id.*) The Court finds that Mitchell does not qualify for equitable tolling.

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a

---

[2] Mitchell also does not qualify for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). Although Mitchell does not expressly invoke 28 U.S.C. § 2244(d)(1)(B), he suggests in the Motion to Extend that prison officials "lost, misplaced and/or mishandled" the original copy the § 2254 Petition, which he claims to have submitted to the mailroom on September 30, 2024. (ECF No. 1, at 1–2.) However, in support of this claim, Mitchell offers only conclusory statements that he submitted an earlier version of the § 2254 Petition, and such conclusory statements "do[ ] not suffice to show delayed accrual under section 2244(d)(1)(B)." *Vanover v. North Carolina*, No. 1:21cv113, 2022 WL 138144, at *3 n.5 (M.D.N.C. Jan. 14, 2022) (citations omitted); *see also Leavitt v. Joyner*, No. 5:15cv38-FDW, 2015 WL 7431396, at *3 (W.D.N.C. Nov. 20, 2015) (denying relief under § 2244(d)(1)(B) where allegations of mail tampering were "conclusory and speculative"); *Broussard v. Warden, S. La. Corr. Ctr.*, No. 2:11-cv-1757, 2012 WL 3067599, at *4 (W.D. La. July 9, 2012) ("[The p]etitioner implies that he is entitled to the benefits of 28 U.S.C. § 2244(d)(1)(B) . . . [because prison] staff block and delay incoming and outgoing mail . . . . [These] conclusory allegations do not establish the existence of a State created impediment to filing."), *R&R adopted*, 2012 WL 3067596 (W.D. La. July 27, 2012). Moreover, even if Mitchell *were* entitled to belated commencement of the limitation period based on prison officials' alleged mishandling of his mail, this would not render his § 2254 Petition timely, as the limitation period lapsed in March 2024, several months before Mitchell attempted to file the § 2254 Petition.

'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).

In support of his request for equitable tolling, Mitchell claims to have "act[ed] with diligence" to preserve his federal habeas claims, highlighting his ignorance of the law (ECF No. 23, at 2), his filing of the 2023 § 2254 Petition (*id.* at 2–17), and his thwarted efforts to comply with the RTSCO (ECF No. 23-1, at 58, 60–70) as evidence. The Court cannot agree. Indeed, the Court previously denied Mitchell's 2023 § 2254 Petition and request for a stay and abeyance on the basis that Mitchell had not "stated any good cause for his failure to first exhaust his claims in state court." *Mitchell*, No. 3:23-cv-444, ECF No. 4, at 2. In addition, Mitchell's failure to file a habeas petition in the Circuit Court for 252 days—or roughly two thirds of the limitation period— is evidence that he was not diligent in pursuing his rights. *See Turner v. Ozmint*, No. 1:10-cv-2433-TMC, 2012 WL 130195, at *3 (D.S.C. Jan. 17, 2022) (finding petitioner not entitled to equitable tolling where he "offer[ed] no reason why he waited 203 days after the expiration of the time to appeal his conviction before filing his initial [state habeas petition]").

Even assuming that Mitchell pursued his rights diligently—a finding the Court does not make for the reasons just stated—he has not shown that any "extraordinary circumstance" prevented him from timely filing. First, with respect to Mitchell's argument regarding his

ignorance of the law, it is well established that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Mitchell's second argument—that the United States Postal Service, the WRSP mailroom, or both, thwarted his efforts to comply with the Supreme Court of Virginia's RTSCO, thereby robbing him of additional statutory tolling (*see generally* ECF No. 23-1)—is also without merit.

As an initial matter, the Court observes that, even if Mitchell faced obstacles complying with the RTSCO, he does not claim to have had such trouble filing his noncompliant appeal with the Supreme Court of Virginia in the first instance, and the appeal's noncompliance with the Supreme Court of Virginia's rules is attributable to no one but Mitchell himself.

If this were not enough, the record shows that Mitchell's failure to comply with the RTSCO was equally a self-inflicted wound. Indeed, a scanned copy of the envelope containing Mitchell's response to the RTSCO, which Mitchell has submitted, shows that Mitchell failed to write the Supreme Court of Virginia's street, city, or zip code on the envelope.[3] (*See* ECF No. 23-1, at 58.) A mailing error such as this is not a legally recognized basis on which to equitably toll the statute

---

[3] Mitchell disputes having omitted the complete mailing address and implies that someone altered the envelope, explaining its failure to arrive at its intended destination. (*See* ECF No. 23-1, at 26.) The copy submitted to the Court, however, shows no sign of any tampering or alteration (*see* ECF No. 23-1, at 58), and the Court therefore does not credit this argument. The argument is also subject to scrutiny for another reason—because Mitchell presents a conflicting theory to explain his mail being returned. Indeed, Mitchell simultaneously claims (1) that an external party altered his envelope to ensure it would not reach the Supreme Court of Virginia (ECF No. 23-1, at 26) ("[That] the Court's address was altered is clear evidence of sabotage, however the Virginia Supreme Court and Honorable Clerk's name, were left untouched[.]") and (2) that the WRSP mailroom should not have accepted his mail knowing it did not contain a full address (ECF No. 23, at 6–8); (*id.* at 6) ("[T]he legal mail system at the Wallens Ridge State Prison allowed legal mail deemed to be insufficiently addressed to be mailed out under its supervision, against its established practice of returning to inmates all insufficiently stamped or addressed mail[.]"). It, of course, defies logic that the WRSP mailroom accepted inadequately addressed mail *and* that an outside entity then removed information from the envelope to render the address inadequate.

of limitations for § 2254 petitions. *See, e.g., Harrison v. Toney*, No. 3:20-cv-331-MHT-CSC, 2023 WL 3071091, at *4 (M.D. Ala. Feb. 23, 2023) ("Harrison's own negligence in failing to send his habeas petition to the correct address is inadequate to justify equitable tolling. Harrison could have determined the correct address of this court with the exercise of even minimal diligence.") (citations omitted); *Torres v. Vasquez*, No. CV 16-08704-AB (JDE), 2017 WL 3841762, at *6 (C.D. Cal. Apr. 19, 2017) (finding that inadvertent mailing of petition to wrong address was not a basis for equitable tolling); *Gay-Allen v. Colvin*, No. 3:13cv586/MCR/EMT, 2015 WL 521038, at *6–7 (N.D. Fla. Feb. 9, 2015) (finding that alleged reliance on misinformation about court address was not a basis for equitable tolling). Because Mitchell can blame no one but himself for his failure to comply with the RTSCO, no extraordinary circumstance prevented him from timely filing, and he is not entitled to equitable tolling.

Consistent with the above, the Court finds that Mitchell was not diligent in his efforts to preserve his claims and did not face any extraordinary circumstance that prevented him from timely filing his § 2254 Petition. Mitchell is therefore not entitled to equitable tolling, and the § 2254 Petition will be DISMISSED as barred by the statute of limitations.

### III. Conclusion

Respondent's Motion to Dismiss (ECF No. 15) will be GRANTED. Mitchell's claims will be DISMISSED. Mitchell's § 2254 Petition (ECF No. 2) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/

Roderick C. Young
United States District Judge

Date: September 12, 2025
Richmond, Virginia